# IN THE COURT OF APPEALS OF IOWA

No. 24-0058
Filed November 13, 2025

**DAVID ALLAN BAUGH,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Franklin County, Rustin T. Davenport, Judge.

An applicant alleging newly discovered evidence appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Nathan A. Mundy, Assistant Public Defender—Wrongful Conviction Unit, Des Moines, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

When David Baugh's stepdaughter was eleven years old, she told her mother that Baugh had been sexually abusing her since she was five. Baugh was charged with twelve sex crimes. He pled guilty to three counts of second-degree sexual abuse under a plea deal with the State, which agreed to dismiss the remaining nine counts and follow the sentencing recommendation in the presentence investigation report.

At the sentencing hearing in February 2013, the prosecutor asked the court to impose consecutive sentences—as recommended by the presentence investigator. Baugh sought concurrent sentences. The district court landed in the middle, running two of the counts consecutive to one another but concurrent with the third. Baugh was sentenced to a total indeterminate term of fifty years in prison, with a seventy percent mandatory minimum.

After voluntarily dismissing his direct appeal,[1] Baugh applied for postconviction relief in April 2014, alleging sentencing errors. We affirmed the denial of Baugh's application. *See Baugh v. State*, No. 15-0990, 2016 WL 1696895, at *1 (Iowa Ct. App. Apr. 17, 2016) (finding neither trial counsel nor appellate counsel were ineffective for failing to challenge the sentencing court's decision). Procedendo issued on June 22, 2016.

Six years later—in December 2022—Baugh filed his second application for postconviction relief. The application broadly alleged the discovery of new evidence "pertaining to the prosecutor and fraud that he committed upon the Court

---

[1] Procedendo from that direct appeal issued on June 13, 2013.

as well as the Defendant," which has "undermined the guilty plea in this case." In response to the State's motion for a more specific statement, Baugh explained the newly discovered evidence "is that the prosecutor who handled his case . . . was himself arrested" and pled guilty "for similar sex abuse crimes."[2]  Baugh was careful to point out that he was not arguing "that he is innocent of the crimes to which he pled guilty," contending instead "that he deserved a better plea offer, and if his case had been handled by a dispassionate prosecutor, he would have received one."

The parties agreed to submit the application to the district court "based on the filings, without need for formal hearing."  On that record, the court denied Baugh's application on its merits, finding that the prosecutor's "own guilty plea to charges of sexual abuse was not material" to Baugh's convictions.  Baugh appeals. We review the denial of his postconviction-relief application for the correction of errors at law, although to the extent that the application raised constitutional infirmities, our review is de novo.  *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

On appeal, Baugh claims the prosecutor's "role as both sexual abuser and defender of sexual victims casts a very large black [cloud] of doubt onto all of [his] actions in prosecuting Baugh's sexual abuse cases."  Although he raises the

---

[2] The details of the prosecutor's convictions are not in the record before us.  But Baugh's filing discussed a November 2022 press release about the arrest and cited the case numbers for his charges.  Neither party asked the district court—or our court on appeal—to take judicial notice of these cases.  *Cf. State v. Washington*, 832 N.W.2d 650, 655–56 (Iowa 2013) (discussing the "general rule" that "it is not proper for the court to consider or take judicial notice of the records of the same court in a different proceeding without an agreement of the parties").

specter of prosecutorial misconduct, Baugh explains that he "does not argue [that the prosecutor] prosecuted Baugh to intentionally deflect and cover [the prosecutor]'s own criminal conduct. Nor does Baugh argue [the prosecutor] prosecuted Baugh to manipulate others." Instead, he contends "that the plea negotiations were tainted by unclean hands and the sentencing recommendation was harsher than one that would have come from a prosecutor who was not a sexual abuser."

The State argues that the district court correctly denied Baugh's application for three reasons: (1) the application is time-barred under the three-year statute of limitations in Iowa Code section 822.3 (2022); (2) no claim of actual innocence is presented; and (3) Baugh "could not establish the evidence was truly newly discovered, material, or favorable." Although we could resolve the appeal on any of these grounds, we elect to follow the district court's lead and focus on the merits of Baugh's newly-discovered-evidence claim.

To prove this claim, Baugh was required to show by a preponderance of the evidence

> (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*Moon v. State*, 911 N.W.2d 137, 151 (Iowa 2018) (citation omitted). In denying Baugh's claim, the district court reasoned:

> Baugh claims that new evidence discovered after his conviction makes a new trial for him a necessity. Baugh claims that this evidence led to him receiving a worse plea deal. However, Baugh makes only conclusory statements that this new evidence affected the prosecutor's plea offer for the worse. He makes no argument

about how this evidence is material to his guilt. Importantly, he admits his guilt. This is not a case where Baugh went to trial and where he would have liked to be able to introduce evidence about [the prosecutor] at trial. Such evidence would not have been admissible at trial. Baugh has made no attempt to connect his proffered new evidence to him being found guilty, instead tying it only to the plea deal he was initially offered. This new evidence is not material to his conviction and sentence.

We agree with the district court that Baugh's claim must fail because he did not show how the prosecutor's conduct was material to his decision to plead guilty. *See id.* at 151–53 (denying postconviction relief where an applicant's newly discovered evidence was "merely impeaching"); *Dorris v. State*, No. 16-0488, 2017 WL 104948, at *4 (Iowa Ct. App. Jan. 11, 2017) (noting in an ineffective assistance context that "Dorris has not made any showing of how the prosecutor's legal problems impacted Dorris' criminal trial many years earlier"). As the State points out on appeal,

nine counts were dismissed, including charges of bestiality, lascivious acts with a child, dissemination of exhibition of obscene material to a minor, and three additional counts of second-degree sexual abuse. [The prosecutor] agreed in advance to concur in the sentence ultimately recommended by the presentence investigator. The sentence Baugh actually received was more lenient than the three consecutive terms of imprisonment the presentence investigator recommended. . . . Baugh received the benefit of his bargain, further enhanced by an even better sentence than the State requested.

In sum, the district court considered all the issues presented, and we agree with its reasoning.

**AFFIRMED.**